# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED KNOX, IDOC # N92676, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-1001-GPM |
| | ) |
| DR. FURLONG, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Ted Knox, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of life imprisonment at the Menard Correctional Center for murder, brings this action pro se pursuant to 42 U.S.C. § 1983 for an alleged violation of his constitutional rights by persons acting under color of state law. Knox's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Knox's pro se complaint, on July 2, 2008, while Knox was incarcerated in the closed maximum security prison at the Tamms Correctional Center ("Tamms"), Knox broke a tooth. Knox alleges that he complained repeatedly about pain from the broken tooth and discomfort he suffered due to pus emitted from the site of the broken tooth to Defendants Terry Caliper, the health care administrator at Tamms, Toma Osman, a grievance counselor at Tamms, and J. Miller, Kathy Butler, Marilyn Melton, Carroll George, and Laura Qualls, nurses at Tamms employed by Defendant Wexford Health Sources, Inc. ("Wexford"), a private corporation that furnishes health care services to prisoners in IDOC custody pursuant to a contract with the IDOC. According to Knox, notwithstanding his complaints about his broken tooth and the sequelae thereto, he was not given emergency dental care, pain medication, or other treatment for the broken tooth and pus in his mouth. On August 15, 2008, Knox's broken tooth was extracted by Defendant Dr. Furlong, a dentist employed by Wexford. At the time the broken tooth was pulled, Knox alleges, he was given Motrin for pain and antibiotics to prevent or treat infection. Knox asserts

a claim under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). Knox also asserts supplemental claims for medical malpractice under Illinois law against Furlong and Wexford. The Court has subject matter jurisdiction as to Knox's Section 1983 claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343; additionally, the Court has supplemental jurisdiction over Knox's state-law claims pursuant to 28 U.S.C. § 1367.

Without expressing any opinion about the merits of Knox's Eighth Amendment claim, the Court notes that the claim clearly is time-barred. Claims under 42 U.S.C. § 1983 that arise in Illinois are governed by a two-year statute of limitations. *See Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 276-77 (7th Cir. 1989); *Thomas v. McElroy*, Civil No. 10-424-GPM, 2010 WL 5089824, at *2 (S.D. Ill. Dec. 8, 2010); *Maxwell v. Village of Sauget, Ill.*, No. 06-451-GPM, 2007 WL 420195, at *3 (S.D. Ill. Feb. 5, 2007). Accrual of Section 1983 claims for purposes of the statute of limitations is governed by federal law. *See Wallace v. City of Chicago*, 440 F.3d 421, 424 (7th Cir. 2006); *Pitts v. City of Kankakee, Ill.*, 267 F.3d 592, 596 (7th Cir. 2001); *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994). A Section 1983 claim accrues, for purposes of the limitations period, at the point "when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). *See also Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999) ("Under federal law, the time [for bringing a claim] begins to run when the plaintiff knows that he has been injured."); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994) (stating that a Section 1983 claim "accrues when the plaintiff knows or has reason to know of the

injury which is the basis of his action"). Thus, a statute of limitations begins to run when a person has "knowledge of facts that would lead a reasonable person to begin investigating the possibility that his legal rights had been infringed[.]" *LaSalle v. Medco Research, Inc.*, 54 F.3d 443, 446 (7th Cir. 1995). *See also Fayoade v. Spratte*, 284 Fed. Appx. 345, 347 (7th Cir. 2008) (citing *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992-93 (7th Cir. 2002)) ("[A] statute of limitations begins to run once a plaintiff has knowledge that would lead a reasonable person to investigate the possibility that his legal rights had been infringed. It does not matter whether the plaintiff knows the injury is actionable – he need only know that he has been injured."). Here it is apparent from the record that Knox was aware of all of the elements of his claim for relief under Section 1983 not later than August 15, 2008, and therefore his Section 1983 claim in this case, filed December 10, 2010, over two years later, is barred by the statute of limitations. Having determined that Knox's Section 1983 claim is time-barred, the Court declines in its discretion to exercise supplemental jurisdiction over Knox's state-law claims for malpractice against Furlong and Wexford. "[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). *See also Futch v. AIG, Inc.*, Civil No. 07-402-GPM, 2007 WL 1752200, at *5 (S.D. Ill. June 15, 2007) (quoting *Carr v. CIGNA Sec., Inc.*, 95 F.3d 544, 546 (7th Cir. 1996)) ("The general rule, when the federal claims fall out before trial, is that the judge should relinquish jurisdiction over any supplemental . . . state law claims in order to minimize federal judicial intrusion into matters purely of state law."). The Court concludes that Knox's federal claim is due to be dismissed for failure to state a claim upon which relief may be granted.

To conclude, pursuant to 28 U.S.C. § 1915A(b)(1), the Court finds that Knox has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and Knox's Section 1983 claim is **DISMISSED with prejudice**.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court in its discretion declines to exercise jurisdiction over Knox's supplemental state-law claims for malpractice against Furlong and Wexford, and those claims are **DISMISSED without prejudice**.  Knox is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).  The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  May 24, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge