IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TED KNOX, IDOC # N-02676, )
)
           Plaintiff, )
)
vs. ) CIVIL NO. 10-1001-GPM
)
DOCTOR FURLONG, *et al.*, )
)
           Defendant. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Ted Knox, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while Plaintiff was housed at Tamms Correctional Center. Plaintiff is serving a life sentence for murder. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

On July 2, 2008, while Plaintiff was incarcerated in the closed maximum security prison at Tamms Correctional Center ("Tamms"), he broke a tooth. He immediately requested medical care from the officer on duty, but was told he would have to wait until the nurse made her rounds. Plaintiff is a diabetic and suffers from a gum disease, and because of these conditions, he alleges that he is at greater risk of developing an infection from such a tooth injury. In addition to suffering pain, Plaintiff had continued discomfort due to blood and pus coming from the area of the broken tooth.

He next asked Defendant Butler (a nurse) for help to get the tooth pulled and for pain

medication, but she did nothing despite Plaintiff's repeated requests over several days as his pain grew worse. Plaintiff also wrote a complaint to Defendants Furlong (the dentist) and Caliper (the health care administrator), requesting immediate medical care for the broken tooth, pain, and discharge of blood and pus.

On July 9, 2008, one week after breaking the tooth, Plaintiff requested help from Defendant Qualls (a nurse), because the pain and swelling were causing him to lose sleep and hindering his ability to chew and digest food. Defendant Qualls told him that Defendants Furlong and Caliper were aware of Plaintiff's complaints, and Defendant Qualls would not go against their policies, or provide anything to Plaintiff that was not authorized by the policies of Defendant Wexford Health Sources, Inc. ("Wexford"). Wexford is a private corporation that furnishes health care services to prisoners under a contract with the Illinois Department of Corrections, and is the employer of Defendants Furlong, Butler, Melton, George, Qualls, and Miller. Plaintiff also alleges that Defendant Qualls informed him that Defendants Furlong and Caliper instructed her not to provide him with Novocain because they were angry with Plaintiff. Plaintiff continued to write requests for treatment to Defendants Caliper and Furlong.

On July 23, 2008, Plaintiff asked Defendant Melton (a nurse) for help, as the entire area surrounding the tooth was painful, swollen, and oozing blood and pus. Defendant Melton responded that Plaintiff was not a priority and would have to endure the pain until the dentist decided to see him. She also told him that Defendant Wexford only contracts a dentist to come to Tamms once a week.

Plaintiff renewed his request for treatment of his pain to Defendant Miller (a nurse) on July 26, 2008. She refused to give him anything for the pain, and advised him to write a grievance,

which Plaintiff did on July 27, 2008. On the same day, Plaintiff wrote to Defendant Osman (his counselor) asking her to intervene to get medical care for him. On July 28, 2008, Plaintiff complained to Defendant George (a nurse), who also refused to treat him for his pain and swelling.

Defendant Osman came to Plaintiff's cell on August 8 and 9, 2008, and told Plaintiff she did not have the authority to contact Wexford on his behalf, but would check on the status of his grievance with Defendant Caliper. Several days later, Defendant Osman told Plaintiff that Defendant Caliper had not responded to his grievance.

On August 15, 2008, forty-four days after his tooth broke, Defendant Furlong extracted Plaintiff's broken tooth. He was given antibiotics for his gum infection and Motrin for the pain. Defendant Furlong allegedly told Plaintiff prior to the extraction, that next time Plaintiff cries to everybody, he will wait longer for care (Doc. 1, p. 9).

In addition to alleging that the actions of the Defendants above constituted cruel and unusual punishment, Plaintiff asserts claims against Defendant Furlong and Defendant Wexford Health Sources, Inc., for medical malpractice. He seeks compensatory and punitive damages.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Deliberate Indifference to Serious Medical Needs**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Furthermore, the Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (allegations that an inmate denied his dentures could not chew his food, making eating difficult, and that he suffered bleeding, headaches, and disfigurement, stated a serious medical need). Plaintiff's symptoms resulting from the broken tooth – ongoing substantial pain, swelling and discharge of blood and pus, which affected his ability to eat and sleep – arguably meets each of the four *Gutierrez* criteria to establish that he suffered from

an objectively serious condition.

As to the subjective component of a deliberate indifference claim, the Supreme Court has stated:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842. Furthermore, "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (holding that a three week delay in sending dental care referral, with knowledge of inmate's swollen and infected mouth and suffering, could support a finding of an Eighth Amendment violation).

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques).

In the case at bar, Plaintiff has alleged that he informed each of the medical staff Defendants of his painful condition, and made repeated requests for treatment to several of these Defendants. Nonetheless, Plaintiff received no treatment for the broken tooth and had to endure the pain and discomfort for forty-four days. At this stage, Plaintiff has adequately stated a deliberate indifference claim against the individual Defendants Furlong, Caliper, Butler, Melton, George, Qualls, and Miller.

However, Plaintiff's counselor, Defendant Osman, is not a medical provider and could not have dispensed pain medication or other treatment to Plaintiff. Based on Plaintiff's allegations, she carried out her responsibility to inform the medical staff of Plaintiff's needs, to check on the status of Plaintiff's grievance to Defendant Caliper, and to report back to Plaintiff. These actions do not constitute deliberate indifference. Thus, Plaintiff has not stated an actionable claim against Defendant Osman, and she must be dismissed with prejudice.

Finally, as to Defendant Wexford Health Sources, Inc., a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Medical Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff has alleged that at least two of the individual Defendants (Defendants Qualls and Furlong) either acted or failed to act as a result of an official policy espoused by Defendant Wexford. Therefore, Plaintiff's claim against Defendant Wexford cannot be dismissed at this stage.

**Count 2 - Medical Malpractice**

Plaintiff also brings claims of "medical malpractice" against Defendants Furlong and

Wexford Medical Sources, Inc., based on the same conduct detailed above. While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit (also referred to as a "certificate" in some sections of the statute) along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether

---

[1] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. §5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem'l Hosp.*, 930 N.E.2d 895 (Ill. 2010). As a result of *Lebron*, the previous version of the statute is now in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits. Therefore, the medical malpractice claim in Count Two shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff shall be granted 35 days to file the required affidavits. Should Plaintiff fail to timely file the required affidavits, the dismissal of this count shall become a dismissal **with prejudice.**

**Disposition**

**IT IS HEREBY ORDERED** that Defendant **OSMAN** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that **COUNT TWO** is **DISMISSED** without prejudice. Plaintiff has 35 days (to and including October 5, 2011) to file the required affidavits in compliance with 735 ILL. COMP. STAT. §5/2-622(a), so that the Court may reconsider the dismissal of Count Two. Should Plaintiff fail to file the required affidavits within 35 days, the dismissal of Count Two shall become a dismissal **with prejudice.** *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants FURLONG, CALIPER, BUTLER, MELTON, GEORGE, QUALLS, MILLER, and WEXFORD HEALTH SOURCES, INC. (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail

these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 8/31/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge