IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED KNOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO.   3:10-cv-1001-GPM-DGW |
| | ) |
| KATHIE BUTLER, et al., | ) |
| | ) |
| Defendant(s). | ) |

## AMENDED ORDER

**Wilkerson, Magistrate Judge:**

On May 3, 2013, this Court recruited attorney Schmitt to represent Plaintiff in this matter. This Order amends the May 3, 2013 Order as follows:

Attorney Schmitt is encouraged to share his responsibilities with an associate who is also admitted to practice in this district court.   Attorney Schmitt shall enter his appearance on or before May 20, 2013.

Plaintiff is cautioned to consult with his counsel in this matter and to understand that it is Attorney Schmitt who is the legal professional in this relationship.   Without commenting on the validity of the matter in litigation, counsel is reminded and plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings. As a consequence, counsel will likely, from time to time, advise Plaintiff against taking a certain course of action. While Plaintiff may not totally agree with counsel's advice, he should realize that, in the long run, such advice will be in his best interest because it is in compliance with the law. Also, counsel may advise Plaintiff to pursue additional claims or to abandon certain existing claims.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law. If Plaintiff wants to be represented by counsel, he will have to cooperate fully with counsel. **The Court will not accept any filings from Plaintiff individually while he is represented by counsel**, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other counsel to represent him.

Because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), **any unpaid out-of-pocket costs must be paid from the proceeds**. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion reimburse expenses. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. **Counsel is encouraged to enter into a fee contract with Plaintiff to address both the payment of attorney's fees and costs should Plaintiff prevail**.

Finally, counsel is informed that Plaintiff is currently incarcerated by Illinois Department of Corrections at the Menard Correctional Center. Information about the facility is available at www.idoc.state.il.us. Counsel may use the Illinois Department of Corrections' videoconferencing system to confer with Plaintiff. The Court asks the AssK
nistant Attorney General assigned to this case to facilitate those arrangements.

The Clerk of Court is **DIRECTED** to send a copy of this Order and the standard letter concerning appointment of counsel to Attorney Schmitt immediately. The Clerk shall also send a

copy of this Order to Plaintiff directly.

**IT IS SO ORDERED.**

DATED: May 6, 2013

                                                                                          _____
                                                                                          United States Magistrate Judge